UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AVIATION SOFTWARE, INC.,

       Plaintiff,

       v.

L-3 COMMUNICATIONS CORPORATION,

       Defendants.

---

Case No:

## COMPLAINT AND JURY DEMAND

Plaintiff AVIATION SOFTWARE, INC. (Aviation), by its attorneys Lurie & Krupp, LLP, and Bruce I. Afran, asserts as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff (hereafter "Aviation"), is a corporation organized under the laws of the State of Nevada and is authorized to conduct business in the State of New York.

2. Plaintiffs' principal office at all relevant times has been in Suffern, New York.

3. Defendant L-3 Communications Corporation (L-3), is a corporation organized under the laws of the State of Delaware and conducts business in the District of Massachusetts.

4. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. §1331 by virtue of a federal question arising under the Copyright Act, 17 U.S.C. §504, et seq.

5. Venue is properly vested in the District of Massachusetts by virtue of defendant's having offices in this District.

## **COUNT I**
(Copyright Act, 17 U.S.C. §504, *et seq.*)

6. Until January 1, 2005 Airframe Systems, Inc. was the registered owner of certain U.S. Copyrights registered with the Library of Congress governing its Maintenance and Engineering software used in the servicing and maintenance of airliner fleets. These copyrights were assigned to Aviation on or about January 1, 2005; said assignment agreement permitted Airframe certain rights in connection with the M&E program.

7. The Copyright Assignment to Aviation was recorded with the Library of Congress on September 9, 2008. See Assignment and Recordation, Exhibit 1 hereto.

8. Aviation's Maintenance and Engineering software enables users to regulate, manage and evaluate the servicing and maintenance, tracking and modification of airliner fleets, an essential component of defendant L-3's business.

9. The software is registered under United States copyright laws. See Exhibit 1 hereto.

10. Beginning in or about June 2006, L-3 began using the infringing software in aircraft maintenance, modification and tracking.

11. Beginning in or about June 2006, L-3, without authority, gave a worldwide non-exclusive royalty free license to the infringing software to the United States government.

12. Beginning in or about June 2006, L-3, without authority, gave a license to the infringing software, including but not limited to a license under the designation M3 or MMM, to the 645th Aeronautical Systems Squadron, 645th Aeronautical Systems Group

2

and 303rd Aeronautical Systems Wing, Aeronautical Systems Center (collectively the "645th"), all of which are instrumentalities and divisions of the United States government.

13. All such software used by L-3 beginning at least as early as June 1, 2006 was created by the intentional and knowing use of Aviation's source code.

14. The infringing software incorporates the Aviation source code in whole or in part.

15. Upon information and belief, L-3 translated the Aviation source code from the RPG language into the PHP language.

16. The infringing software uses substantially and/or in material part the translated Aviation source code as the basis for the programs.

17. L-3's infringing software copies and incorporates other copyrighted elements of the Aviation software including:

    a. proprietary report formats;

    b. menu terms and headings unique to Aviation software;

    c. user interfaces;

18. By these acts of copying, importations and replications and the translation of Aviation's source code into the PHP language, L-3 infringed, reproduced and replicated Aviation's aircraft maintenance, modification and tracking software.

19. By infringing and reproducing the Aviation software, L-3 was enabled to cancel its license for the Aviation software and make use of the same substantive aircraft maintenance software without payment of licensee fee or royalties, without payment of development costs ordinarily associated with software development and without payment of the cost of a source code license.

20. By infringing and reproducing the Aviation software, L-3 was enabled to use the Aviation software with no need for substantial re-training of L-3's employee users.

21. L-3 put the infringing software into operation on or about June 1, 2006 at which time it cancelled its license with Airframe, the original licensor, and ceased to pay royalties or license fees.

22. L-3 gave to the United States the worldwide license and the license to the 645th beginning on or about June 1, 2006.

23. L-3 began infringing the Aviation software through such replication and copying as early as January 2004 and has continued to do so since.

24. L-3 also concealed its use of the Aviation copyrighted materials.

25. Aviation did not learn of L-3's infringement until on or about December 8, 2008.

26. Because of the identicality of the infringing software with Aviation's aircraft maintenance software, L-3 did not create training manuals or training programs for the infringing software.

27. Upon information and belief, L-3 used Aviation's copyrighted training manuals and training programs for training its employees on infringing software.

28. L-3 had no right or license to use Aviation's source code, software or training manuals or programs to create software and, in particular, had no right or license to use Aviation's source code or software to create the infringing software or any other program.

29. As of May 31, 2006, L-3 cancelled its licenses with Airframe, the original licensor, and lost all right, license or other interest in the use of the Aviation software or training manuals or programs.

30. At no time did L-3 have any right, title or interest in and to the Aviation source code or to the source code prior to the assignment by Airframe.

31.  By virtue of the foregoing, L-3 has infringed Aviation's copyrights in violation of 17 U.S.C. §504, *et seq* ., for which L-3 is liable in compensatory damages premised upon a reasonable license fee and/or royalties to Aviation, for the costs of software development L-3 sought to avoid by its infringement of the Aviation copyrights and for the value of any profit made by the transfer of the infringing software to the United States, along with punitive damages, attorney's fees, interest and cost of suit.

## **COUNT II**
(Copyright Act, 17 U.S.C. §504, *et seq.*
Contributory Infringement via disclosure and transfer of
the infringing software to the United States)

32. Each and every allegation set forth above is repeated herein as if more fully set forth below.

33. L-3 provides services to the United States and the Department of Defense in the field of Aircraft maintenance software (the L-3 "government customer").

34. Since at least June 1, 2006, L-3 has disclosed and transferred the Aviation software and distributed it to its government customer without the consent of Aviation and in the form of infringing software particularly marketed as the M3 program.

35. L-3 has also given the United States a royalty free, non-exclusive worldwide license to Aviation's software.

36. L-3 has permitted its government customer to make use of and operate the infringing software.

37. At no time did L-3 have authority to disclose the Aviation software in any form or format to the United States or its agencies or instrumentalities.

38. At no time did L-3 have authority to permit any third party, including the United States or its agencies or instrumentalities, to use or have access to any Aviation software whether in its original coded format or in the infringing format or in any format.

39. Upon information and belief, L-3 has permitted the government customer to use the infringing software and also the particular infringing program designated as the M3 program.

40. All such use of the infringing software by the United States infringes Aviation's copyrights.

41. All such use of any Aviation software by the United States infringes Aviation's copyrights.

42. By giving access to the infringing software, L-3 has contributed to the government customer's infringement of Aviation's copyrights.

43. By virtue of the foregoing, L-3's disclosure to the United States of the Aviation's software, and also the particular program designated the M3 program, and by the grant of a worldwide license to the United States in and to the infringing software, L-3 has violated Aviation's copyrights in violation of 17 U.S.C. §504, *et seq*., for which L-3 is liable in compensatory damages premised upon a reasonable license fee and/or royalties, along with the costs of software development thereby avoided by L-3 and the

profit earned by L-3 in connection with its contract with its government customer, along with punitive damages, attorney's fees, interest and cost of suit.

WHEREFORE, plaintiff seeks judgment against defendant as follows:

1) On Count I against L-3 for violation of the Copyright Act, 17 U.S. C. §504, *et seq.* for compensatory damages in an amount equal to a reasonable license fee and royalties, along with other compensatory and punitive damages, interest, attorney's fees and cost of suit;

2) On Count II against L-3 for infringement or contributory infringement by virtue of L-3's disclosure and transfer to the United States of the Aviation software, and also the M3 program in particular, in violation of 17 U.S.C. §504, *et seq* ., for which L-3 is liable in compensatory damages premised upon a reasonable license fee and annual renewal royalty that should have been paid by the United States to Aviation, along with the costs of software development thereby avoided by L-3 and the profit earned by L-3 in connection with its contract with its government customer, along with punitive damages, attorney's fees, interest and cost of suit.

WHEREFORE, plaintiff respectfully requests that judgment be entered on the foregoing causes of action and for such additional relief as to the Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Aviation hereby demands a trial by jury as to all issues so triable.

>AVIATION SOFTWARE, INC.
>By its attorneys,
>
>/ S / Peter B, Krupp
>
>Peter B, Krupp
> B.B.O. No. 548112
>Lurie & Krupp, LLP
>One McKinley Square
>Boston, MA  02109
>Tel:  617-367-1970
>
>Bruce I. Afran
> NJ BA 8583
>10 Braeburn Drive
>Princeton, NJ  08540
>Tel:  609-924-2075